**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| **LEISHA SMITH,** | ) | |
| | ) | CIVIL ACTION NO. 1:20-cv-00294-CLC-SKL |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Clifton L. Corker |
| | ) | |
| **LINCOLN LIFE ASSURANCE** | ) | |
| **COMPANY OF BOSTON,** | ) | Chief Magistrate Judge Susan K. Lee |
| | ) | |
| Defendant. | ) | |

# DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

Defendant Lincoln Life Assurance Company of Boston ("Lincoln Life") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Leisha Smith ("Plaintiff"), and Counterclaim, and states as follows:

## JURISDICTION AND VENUE

1. Lincoln Life admits that Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA") under the jurisdiction of this Court under 28 U.S.C. § 1331. Lincoln Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln Life admits that Plaintiff's claims are governed by ERISA. To the extent that Paragraph 2 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln Life admits that Plaintiff's claims are governed by ERISA. To the extent that Paragraph 3 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln Life admits that venue of this action is proper in this Court. To the extent that Paragraph 5 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

## PARTIES

6. Lincoln Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

7. Lincoln Life admits Plaintiff's claims are governed by ERISA. Lincoln Life admits Plaintiff was, at certain times, employed by Volkswagen Group of America ("Volkswagen") and was, at certain times, a participant in the Volkswagen Group of America Long Term Disability Plan ("the Plan"). Lincoln Life admits it issued Group Disability Income Policy No. GF3-850-290468-01 (the "Policy") to Volkswagen, which Policy, at certain times, insured benefits paid by the Plan. Lincoln Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln Life admits Volkswagen sponsored the Plan to provide certain benefits to participating, eligible employees of Volkswagen. Lincoln Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln Life admits the allegations contained in Paragraph 9 of the Complaint.

10. Lincoln Life is without sufficient knowledge to either admit or deny allegations pertaining to other benefits that may have been sponsored by Volkswagen and, accordingly, Lincoln Life denies all allegations contained in Paragraph 10 of the Complaint.

11. Lincoln Life admits that it was formerly known as Liberty Life Assurance Company of Boston and that it was, at certain times, the claims administrator of the Plan for claims under the Policy. Lincoln Life specifically denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln Life admits that it was formerly known as Liberty Life Assurance Company of Boston. Lincoln Life admits that Liberty Life Assurance Company of Boston was acquired by Lincoln Financial Group and that the entity name was subsequently changed to "Lincoln Life Assurance Company of Boston." Lincoln Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln Life admits it issued the Policy to Volkswagen, which Policy, at certain times, insured benefits paid by the Plan, including the benefits claimed by Plaintiff in this action. Lincoln Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln Life admits it issued the Policy to Volkswagen, which Policy, at certain times, insured benefits paid by the Plan, including the benefits claimed by Plaintiff in this action. Lincoln Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln Life admits it is an insurance company and is lawfully authorized to do business in Tennessee. Lincoln Life admits that it was properly served in this action. Lincoln Life denies all remaining allegations contained in Paragraph 15 of the Petition.

## FACTS

16. Lincoln Life admits it issued the Policy to Volkswagen, which Policy, at certain times, insured benefits paid by the Plan. Lincoln Life admits it was, at certain times, the claims administrator of the Plan for claims under the Policy. Lincoln Life specifically denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln Life admits it issued the Policy to Volkswagen, which Policy, at certain times, insured benefits paid by the Plan. Lincoln Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln Life admits it sent a letter to Plaintiff dated July 30, 2019, but Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life admits it received an appeal of Lincoln Life's decision regarding Plaintiff's claim for benefits from the Plan under the Policy, which appeal is contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life admits it sent a letter to Plaintiff dated January 11, 2020, but Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln Life admits Plaintiff was, at certain times, employed as a production team member by Volkswagen in Chattanooga, Hamilton County, Tennessee, and that Plaintiff was, at certain times, a participant in the Plan. Lincoln Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln Life admits Plaintiff's last day at work at Volkswagen was February 15, 2018. Lincoln Life admits Plaintiff was, at certain times, a participant in the Plan. Lincoln Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, but Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln Life admits it received an appeal of the denial of Plaintiff's claim for further benefits from the Plan under the Policy, which appeal is contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal

prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln Life admits it received an appeal of the denial of Plaintiff's claim for further benefits from the Plan under the Policy. Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln Life admits that this action was filed approximately nine months after Lincoln Life's January 11, 2020, letter to Plaintiff. Lincoln Life denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln Life denies all allegations contained in Paragraph 25 of the Complaint.

26. Lincoln Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life admits Plaintiff received, at certain times, benefits from the Plan under the Policy.

To the extent Plaintiff attempts to interpret the Policy, Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, but Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln Life admits that independent physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln Life admits that independent physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln Life admits that independent physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln Life admits that independent physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and

Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln Life admits that independent physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln Life admits that independent physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. To the extent that Paragraph 34 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln Life denies all allegations contained in Paragraph 36 of the Complaint.

37. Lincoln Life admits it issued the Policy to Volkswagen, which Policy, at certain times, insured benefits paid by the Plan. Lincoln Life admits it was, at certain times, the claims administrator of the Plan for claims under the Policy, but Lincoln Life specifically denies it was the plan administrator of the Plan. Lincoln Life further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy and that such decisions are governed by the terms of the Policy. Lincoln Life denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln Life admits it issued the Policy to Volkswagen, which Policy, at certain times, insured benefits paid by the Plan. Lincoln Life admits it was, at certain times, the claims administrator of the Plan for claims under the Policy, but Lincoln Life specifically denies it was the plan administrator of the Plan. Lincoln Life further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy and that such decisions are governed by the terms of the Policy. Lincoln Life denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln Life denies all allegations contained in Paragraph 39 of the Complaint.

40. Lincoln Life denies all allegations contained in Paragraph 40 of the Complaint.

41. Lincoln Life denies all allegations contained in Paragraph 41 of the Complaint.

42. Lincoln Life denies all allegations contained in Paragraph 42 of the Complaint.

43. Lincoln Life admits it issued the Policy to Volkswagen, which Policy, at certain times, insured benefits paid by the Plan. Lincoln Life admits it was, at certain times, the claims administrator of the Plan for claims under the Policy, but Lincoln Life specifically denies it was

the plan administrator of the Plan. Lincoln Life further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy and that such decisions are governed by the terms of the Policy. Lincoln Life denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. To the extent that Paragraph 44 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. To the extent that Paragraph 45 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln Life denies all allegations contained in Paragraph 46 of the Complaint.

47. To the extent that Paragraph 47 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln Life denies all allegations contained in Paragraph 48 of the Complaint.

49. To the extent that Paragraph 49 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln Life denies all allegations contained in Paragraph 50 of the Complaint.

51. To the extent that Paragraph 51 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln Life denies all allegations contained in Paragraph 52 of the Complaint.

53. To the extent that Paragraph 53 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln Life denies all allegations contained in Paragraph 54 of the Complaint.

55. To the extent that Paragraph 55 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Lincoln Life denies all allegations contained in Paragraph 56 of the Complaint.

57. To the extent that Paragraph 57 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln Life denies all allegations contained in Paragraph 58 of the Complaint.

59. To the extent that Paragraph 59 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Lincoln Life denies all allegations contained in Paragraph 60 of the Complaint.

61. To the extent that Paragraph 61 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Lincoln Life denies all allegations contained in Paragraph 62 of the Complaint.

63. To the extent that Paragraph 63 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. Lincoln Life denies all allegations contained in Paragraph 64 of the Complaint.

65. To the extent that Paragraph 65 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Lincoln Life denies all allegations contained in Paragraph 66 of the Complaint.

67. To the extent that Paragraph 67 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 67 of the Complaint.

68. Lincoln Life denies all allegations contained in Paragraph 68 of the Complaint.

## CAUSE OF ACTION
## FOR PLAN BENEFITS AGAINST DEFENDANT
## PURSUANT TO 29 U.S.C. § 1132(A)(1)(B)

Lincoln Life incorporates its responses to Paragraphs 1-68 by reference as if fully set forth herein.

69. Lincoln Life admits Plaintiff was, at certain times, a participant in the Plan. Lincoln Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Lincoln Life refers to the Policy itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy, Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 69 of the Complaint.

70. Lincoln Life denies all allegations contained in Paragraph 70 of the Complaint.

71. Lincoln Life denies all allegations contained in Paragraph 71 of the Complaint.

72. Lincoln Life denies all allegations contained in Paragraph 72 of the Complaint.

73. Lincoln Life denies all allegations contained in Paragraph 73 of the Complaint.

74. Lincoln Life denies all allegations contained in Paragraph 74 of the Complaint.

75. Lincoln Life denies all allegations contained in Paragraph 75 of the Complaint.

76. Lincoln Life denies all allegations contained in Paragraph 76 of the Complaint.

77. To the extent that Paragraph 77 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 77 of the Complaint.

78. Lincoln Life denies all allegations contained in Paragraph 78 of the Complaint.

79. Lincoln Life denies all allegations contained in Paragraph 79 of the Complaint.

80. Lincoln Life denies all allegations contained in Paragraph 80 of the Complaint.

81. Lincoln Life denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln Life denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the Plan under the Policy was an abuse of

discretion because the Policy and relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln Life is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which require offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln Life reserves the right to assert additional defenses.

## COUNTERCLAIM

In response to the allegations contained in the Complaint, Lincoln Life asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln Life in accordance with the terms of the document governing the Plans. Lincoln Life also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln Life or the Social Security Administration currently in the possession of Plaintiff. Additionally, Lincoln Life seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln Life. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the plan, Plaintiff is obligated and specifically agreed to reimburse Lincoln Life for the retroactive amounts Plaintiff

received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Lincoln Life in breach of the terms of the plan. Lincoln Life is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

## PRAYER

Lincoln Life requests that the Court enter judgment that Plaintiff recovers nothing by this action; enter judgment in Lincoln Life's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Lincoln Life's reimbursement of benefits Plaintiff received from Lincoln Life or the Social Security Administration; that Lincoln Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln Life be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 23rd day of November 2020.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

/s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Motion for Admission *Pro Hac Vice* Pending)
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the **23rd day of November 2020**, a true and correct copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM** was filed via the Court's CM/ECF electronical filing system, which served the following counsel of record via electronic notification:

D. Seth Holliday, Esq.
Email: sholliday@mcmahanfirm.com

*/s/ Iwana Rademaekers*
Iwana Rademaekers