Lincoln Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213

MS. LEISHA SMITH

EXHIBIT

2

Lincoln Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213
Phone No.: (888) 437-7611
Secure Fax No.: (603) 422-7909

January 11, 2020

Ms. Leisha D. Smith

RE: Long Term Disability (LTD) Benefits
Volkswagen Group of America
Claim #: 8248892

Dear Ms. Leisha Smith:

We reviewed your appeal request for Long Term Disability ("LTD") benefits and maintained the decision to deny benefits beyond August 16, 2019.

**Initial Claim Decision**

You submitted a claim for your absence from work as of February 16, 2018 due to symptoms associated with thrombosed hemorrhoids and rectal pain. LTD benefits were approved from August 17, 2018 through August 16, 2019. Benefits beyond August 16, 2019 were denied as the evaluation concluded you were no longer disabled as defined by the Policy.

The basis for the decision was outlined in a letter dated July 30, 2019. You were provided an opportunity to request an appeal review of the denial, stating the reasons why you felt your claim should not have been denied, and submit additional information to support the claim. Specifically, you were advised to submit the following information*: Medical evidence of a disabling condition to support ongoing disability; to include office visit notes, test results, treatment plans, physical therapy notes, operative reports, a valid functional capacity evaluation, as well as specific restrictions and limitations, and any other medical information from your physician(s) to support that you are unable to perform the duties of any occupation.*

***Appeal***

In your letter received on August 12, 2019 indicated you intended to appeal the denial. You requested a copy of your claim file which was sent to you on August 15, 2019. On October 10, 2019 we received your letter of appeal in which you stated the explanations provided in the denial were inaccurate. You stated you cannot work in any occupation due to issues with severe anxiety, depression, panic attacks and chronic hip and joint pain. You need your benefits reinstated so that you can continued to received treatment for your multiple health and emotional problems. You indicated you cannot function or focus on learning a new job, reporting to a work place for a full-time job or perform any tasks sitting down for more than 30 to 40 minutes at a time.

In support of your claim, we received the following information:

- Letter from Gene Smith on your behalf
- Letter from Kim Whaley on your behalf
- September 11, 2019, July 29, 2019, April 25, 2019 To Whom it May Concern letter from Erlanger Health System along with after visit summaries Lydia Speer, DO
- August 1, 2019, July 17, 2019 After visit summary Lydia Speer, DO
- Physical Therapy Progress Notes October 3, 2019 and August 26, 2019
- March 28, 2019 After visit summary from Ellen H. Valadez, MD
- July 1, 2019 After visit summary Caleb Health, NP
- August 27, 2019 After visit summary Patrick Koo, MD
- August 9, 2019 After visit summary Laurie-Anne Swaby
- July 15, 2019 After visit summary Matthew Higgins, MD
- MRI right and left hip
- April 11, 2019 Evaluation for bilateral hip pain Nashville Hip Institute (MRI dated April 11, 2019 right hip)
- September 10, 2019, October 9, 2019 and November 26, 2019 Evaluation Robert Stetson, MD
- December 6, 2019 To Whom it May Concern letter Lydia Speer, DO
- Therapy Notes from William Moore, LPC/MHSP dated September 12, 2019 to November 22, 2019
- Medication lists and X-rays of right shoulder
- December 18, 2019 Physical therapy Initial Evaluation Siskin Hospital

**Appeal Evaluation**

In January 2019 during the claim evaluation for ongoing benefits, your claim was reviewed by an independent physician, Steven Winkel D.O., board certified in internal medicine. A review of the medical records shows you have the following diagnoses hemorrhoids, bilateral hip osteoarthritis/labral tears. The records also supported co-morbid diagnoses: Von Willebrand's disease Type 2N, hepatitis C, depression, rheumatoid arthritis, GERD and right-hand tremor.

Dr. Winkel opined within a reasonable degree of medical certainty that the conditions resulting in impairment were rectal pain and recurrent hemorrhoids and the bilateral hip labral tears.

*"The medical records available for my review noted the recurrent hemorrhoids cause severe rectal pain with prolonged standing. The claimant had 21 thrombosed hemorrhoids removed by Dr. Dunn on 2/9/18. Her postoperative course was complicated with rectal bleeding due to her underlying Von Willebrand's disease. The claimant has continued to have hemorrhoids, rectal pain, and blood in the stool per her visits with Dr. Speer and Dr. Dunn. Serial examinations by Dr. Dunn and Dr. Stanley documented persistent thrombosed external hemorrhoids and a posterior internal hemorrhoid for which Dr. Stanley recommended banding. Dr. Higgins noted the claimant has a greater than 3-year history of bilateral hip pain. Serial examinations by Dr. Higgins, Dr. Speer, and Rachel Moore, DPT, have documented tenderness over the greater trochanters bilaterally, impingement signs, and decreased range of motion. X-rays were noted by Dr. Higgins to reveal osteoarthritis.*

Dr. Winkel spoke with Dr. Speer on January 7, 2019. It is documented that Dr. Speer last evaluated you on December 28, 2018 and reported you had multiple ongoing issues including the chronic hemorrhoidal pain with prolonged standing or sitting; bilateral hip pain; and worsening depression/anxiety/panic attacks. Dr. Speer also noted bilateral hip MRIs showed bilateral hip labral tears. Dr. Higgins has referred you for hip arthroscopic procedures. The conversation is documented that Dr. Speer agreed that with Dr. Winkel that you could perform sedentary duty with alternating sit/stand every 30 minutes and lift less than 10 lbs.

Dr. Winkle opined reasonable restrictions would include:

- Can work an 8-hour day
- Alternate sit and stand every 30 minutes
- The claimant may use a donut for siting
- Constant: reach all levels; simple and forceful grasp/grip; finger/handle; use foot controls
- Frequent: bend; stoop; squat; lift/carry up to 10 pounds
- Occasional: kneel; crawl; climb stairs

You were capable of working 8-hour shifts, 40 hours per week in a sustained capacity. These would be considered permanent in nature.

In May 2019 we conducted a subsequent review by consulting physician, Paul E. Stander, MD, MBA, FACP, board certified in internal medicine. Dr. Stander noted you have a myriad of diagnoses documented in your records that are impacting impairment including Von Willebrand's Disease, hemorrhoids with complications with chronic rectal pain, bilateral osteoarthritis of hips with bilateral labrum tears and chronic hip pain and fibromyalgia. The following co-morbid diagnoses were noted: non-toxic multinodular goiter, gastroesophageal reflux disease, possible Parkinson's disease and psychiatric diagnoses of anxiety/depression. Dr. Stander stated none of these disorders are directly impacting impairment going forward, but they have contributed to impairment since 8/18 to the present time due to the frequent physician visits and extensive

diagnostic testing performed to evaluate symptoms related to these conditions.

Dr. Stander opined *"Based on the documentation in the records, this claimant has an excessive range and severity of symptoms that are not clearly supported by the findings documented on physical examinations and imaging and laboratory diagnostic testing. In particular she has persistent chronic hip and musculoskeletal pain, despite relatively modest abnormalities on imaging studies including multiple MRI scans. She has seen multiple consultants for these symptoms but has not responded sufficiently to oral medications and hip injections and she continues to undergo physical therapy treatments this problem. These persistent symptoms and problems, herefore, do impair her ability to reliably perform her usual life activities to some degree. She has no impairment of sitting or use of her arms, hands or fingers for reaching, gripping, grasping, keyboarding or use of common office equipment. She can only stand or walk continuously for brief periods of less than 15 minutes at a time and can only lift items up to 10 pounds frequently. She cannot crouch, stoop, squat, kneel, crawl or climb ladders. She does have sustained capacity for full time work of a sedentary nature. In view of the chronicity of the claimant's symptoms to this point, and inadequate response to medications, injections and physical therapy to this point, this impairment is likely to persist from the present time for several more months until 8/16/19 and quite possibly beyond."*

The policy under which you are covered has a 12-month own occupation period for which benefits may be payable as long as you continue to meet the definition of disability. Your long-term disability benefits were approved and paid for 12 months (August 17, 2018 through August 16, 2019), therefore it must be determined that you remain disabled from Any occupation.

A vocational review and transferrable skills analysis were conducted based on your prior work history, educational background, and/or life experience and capacity within the restrictions and limitations outlined by the medical reviews. The analysis showed through your work, education, training and/or life experience you demonstrated the following skills and abilities:

- Concentrating on doing same work repeating, following established procedures; using eyes, hands, and fingers to read and handle gauges and other testing devices and products during inspection process; separating work failing to meet predetermined standards; and using math skills to count or measure objects and keep inspection records.

Based on your skills and abilities you are qualified for the occupations of Order Clerk, $2788, Receptionist, $2428 and Dispatcher, $3289. These occupations were identified as being within your education, training and physical capacities. The occupations require an equal or lower level of skill than your previous occupations as an Inspector

The disability case manager then concluded you were not disabled from Any Occupation and that no further benefits were payable.

As part of this appeal review your file was reviewed by an independent physician, David Burke, M.D., board certified in neurology. Dr. Burke indicated there was no primary impairing neurologic diagnosis. Your September 23, 2019 appeal letter indicated you have been diagnosed with Parkinson's Disease. Dr. Valadez's office visit notes of July 1, 2019 note unremarkable physical examination findings, devoid of documentation of clinically significant gait abnormalities, use of assistive devices or decreased lumbar/cervical ROM, or decreased ROM, strength, sensation,

coordination, or reflexes of the upper or lower extremities that would result in a loss of function.

Dr. Valadez's March 28, 2019 office visit note documented your right upper extremity tremor had been present for at least 2 years indicating the claimant's Parkinson's Disease symptoms did not preclude you from the unrestricted duties of your own occupation, again calling into question the severity of the tremor/symptoms and associated functional limitations.

Dr. Burke noted "*Further, there is no documentation of Brain MRI or DaTScan, which would confirm this diagnosis and there is no documentation of Cervical/Thoracic MRI's or NCV/EMG studies that would rule out other etiologies of the claimant's symptoms. Lastly, the claimant was started on Sinemet 25/100mg TID on 3/28/19 with total resolution of her symptoms after 4 days, which seems inconsistent with the mechanism of action of this drug, as there is no documentation on/off daily fluctuations or periods of wearing off time that would be expected. On 3/28/19, Dr. Valadez advised the claimant to start Sinemet and if she had improvement, follow up in 2 months, however there is no documentation of this type of encounter, calling into question the severity of the claimant's symptoms and her incredible response to medications.*

*In summary, it appears Dr. Valadez's diagnosis of PD was based on family history and the claimant's response to medications, which in my medical opinion are insufficient to support the diagnosis of PD and the claimant's tremor completely resolved with Sinemet, as per her own 9/23/19 Appeal Letter reports; therefore there is no evidence to support the claimant is physically functionally limited and work activity restrictions are not medically necessary.*"

As part of this appeal review your file was reviewed by an independent physician, Roger Kasendorf, D.O. board certified in physical medicine and rehabilitation and pain management. Dr. Kasendorf noted lumbar spine degenerative disc diseases as well as bilateral hip degenerative joint disease are supported by the medical documentation and warrant functional restrictions and limitations. Your lumbar and hip pathologies are supported by your complaints of back pain as well as by the abnormal results of the left and right hip MRI report dated December 27, 2018 the lumbar spine MRI report dated February 8, 2019 and right hip MRI report dated April 11, 2019. These diagnostic studies support your complaints of back pain and bilateral hip and joint pain as documented on April 11, 2019 by Dr. Ken Jenkins, as well as on July 1, 2019 by Caleb Heath, NP.

Dr. Kasendorf opined the medical provided reflects you are moderately functionally limited from August 16, 2019 to the present. The following restrictions and limitations are supported:

- Standing – Up to 1 hour at a time and up to 2 hours per day
- Walking – Up to 1 hour at a time and up to 2 hours per day
- Lifting/Carrying/Pushing/Pulling – Occasionally, up to 20 pounds
- Climbing stairs - Occasionally
- Stooping - Occasionally
- Kneeling/Crouching/Crawling - Never

- Sitting – Up to 3 hours at a time and 6 hours per day
- Use lower extremities for foot controls - Constantly
- Fine manipulation and simple and firm grasping- Constantly
- Reaching – Constantly below desk level, constantly at desk level, occasionally overhead

Within these restrictions and limitations, you would be capable of sustaining a full time, 40-hours per week work schedule.

As part of this appeal review your file was reviewed by an independent physician, Ruth E. Yoash-Gantz, PsyD, ABPP. Dr. Yoash-Gantz opined "*While the claimant has some ongoing symptoms of depression with depressed mood and anxiety noted on exam, these are not of the severity to support impairment. The claimant was initially treated by her primary care provider and has been seen twice by psychiatry with no evidence of behavioral health care since September 10, 2019. More intense and disabling behavioral health disorder could include more frequent psychiatric outpatient care, routine psychotherapy, intensive outpatient program attendance or inpatient hospitalization.*

*The available medical records support diagnoses of Major Depressive Disorder. In Partial Remission and Generalized Anxiety Disorder, although the latter may best be accounted for as part of the MDD diagnosis (Specifier: With anxious distress). These diagnoses are based on Dr. Stetson's initial psychiatry evaluation. The claimant reported a long history of depression and anxiety but only recent behavioral health intervention. This consisted of psychoactive medication prescribed by her PCP until the August 27 psychiatry evaluation. Records provide evidence that the claimant was seen twice by psychiatry, but not since September 10, 2019. There is no evidence that the claimant was seen for psychotherapy as recommended by Dr. Stetson. Neither of the two psychiatry records indicate that the claimant was unable to work. The claimant reported poor concentration, but MSE findings at both appointments document normal concentration (repeating digits forward/backward) and memory (recalling 3 words) on simple screening. MDD in partial remission is not evidence of impairment. Individuals with MDD in partial remission could be expected to work a normal 8-hour day. There is limited evidence of major mental status examination findings to reliably support a higher level of severity and impairment. The claimant's mood and anxiety symptoms were noted to be predominantly self-reported. There is no evidence of the claimant experiencing suicidal/homicidal thoughts, delusions, mania, psychosis, hallucinations, thought disorder, cognitive deficits, depression or anxiety with a globally impairing severity. Consequently, in light of the above noted scant behavioral health medical records, and lack of significant abnormal findings on clinical examination, there is no clear indication that behavioral health symptoms are impairing to the degree that would result in significant restrictions and limitations in any of the claimant's usual life activities, including work.*

Following completion of these three medical reviews you submitted additional medical information from Lydia Speer, D.O., therapy notes from William Moore, LPC/MHSP dated September 12, 2019 to November 22, 2019, medication lists and X-rays of right shoulder and the December 18, 2019 physical therapy Initial Evaluation. These records were referred to the reviewing physicians and addendums to the reports were provided.

Dr. Yoash-Gantz opined the psychotherapy records include no positive mental status exam findings.

The updated psychiatry records note that you are grieving losses (son 2007, uncle 2012, mother 2017) yet this was not mentioned in previously reviewed records. She was improving with increased dose of an antidepressant and remained under the care of her PCP and neurologist for the tremor. None of the updated medical records indicate that you are unable to perform normal daily activities; in fact, you canceled a psychiatry appointment because you were providing care to your ill grandchildren. Thus, the updated medical records provide no evidence of behavioral health symptoms so severe that they would be considered impairing.

Dr. Burke reviewed the December 18, 2019 PT evaluation note and noted that you are status post fall on November 14, 2019 with right shoulder and neck with a known co-morbid history of Parkinson's and right hip labral tear and are planned for skilled PT. Dr. Burke opined the PT initial assessment record does not alter the previous assessment. Your recent injury and hip symptoms are deferred to another reviewer. Considering your incredible response to Sinemet, which was started on March 28, 2019 as per Dr. Valadez's OVN in the setting of July 1, 2019 unremarkable physical examination findings, which were devoid of documentation of clinically significant gait abnormalities, use of assistive devices, decreased lumbar/cervical ROM, or decreased ROM, strength, sensation, coordination, or reflexes of the upper or lower extremities, my assessment remains unchanged.

Dr. Kasendorf opined the additional records provided for review do not contain any information which could indicate a worsening of your medical conditions or functional capabilities beyond what was already outlined before. Your complaints of pain and your range of motion limitations have already been taken into consideration when outlining the appropriate activity restrictions and limitations. The newly provided documentation does not indicate worsening or improvement of your functionality which would warrant a change in my prior assessment of functional capabilities. Therefore, my prior assessment remains unchanged.

As the medical reviews on appeal established new restrictions and limitations your file was referred for an updated TSA based on Dr. Kasendorf's report. The updated vocational review and transferrable skills analysis were conducted based on your prior work history, educational background, and/or life experience and capacity within the restrictions and limitations outlined by the medical reviews. The analysis showed through your work, education, training and/or life experience you demonstrated the following skills and abilities:

**Skills & Abilities:**

Technical Skills:

- Knowledge of tools, materials, and methods used.
- Adhere to object specifications or standards.
- Perform routine work repeatedly.
- Identify and troubleshoot problems.
- Ability to complete thorough inspection, assess problem

Customer Service Skills:

- Inform and consult with customers.

- Communicate effectively with others while listening to their needs and determining how to best assist customer.

- Work as part of a team.

Cashiering Skills:

- Ability to complete basic mathematical concepts.

- Knowledge of monetary exchanges.

- Ability to meet, greet and assist customers.

- Knowledge of related equipment necessary to complete sales processes.

- Ability to complete repetitive tasks.

Clerical Skills:

- Aptitude for examining, evaluating, improving and developing methods.

- Excellent filing, recording skills.

- Ability to work as a team member and follow directions.

- Ability to perform routine office work using basic clerical skills.

- Ability to work in an office with data entry operations.

- Ability to exercise proper telephone protocol.

- Skilled at computing, compiling, tabulating, reviewing and supporting data and conclusions derived therefrom.

Based on your skills and abilities you are qualified for the occupations of Data Entry Clerk, $2681, Order Clerk, Food and Beverage, $2789, Dispatcher, Maintenance Service, $3290, Order Clerk, $2789 and Receptionist, $2428. These occupations were identified as being within your education, training and physical capacities. The occupations require an equal or lower level of skill than your previous occupations as an Inspector.

Our role in reviewing your file is to determine whether your medical conditions and the medical documentation contained in your file supports you are unable to perform the material and substantial duties of Any occupation from which you are qualified based your education, training and physical capacities. We are not required to ensure the availability of this occupation or that you return to active employment with your former employer in the same or different position.

It is important to clarify that the existence of a medical condition/diagnosis in and of itself does not equate to eligibility for long term disability benefits. The focus of our assessment is not whether or not a condition exists; but rather whether or not impairment exists that would preclude you from performing the duties of your own occupation or any occupation. We take into consideration

medical and vocational factors to determine if impairment is supported.

The medical evidence supports full time work capacity to include standing up to 1 hour at a time and up to 2 hours per day, walking up to 1 hour at a time and up to 2 hours per day, lifting, carrying, pushing and pulling up to 20 pounds occasionally and sitting up to 3 hours at a time and 6 hours per day. The occupations of the occupations of Data Entry Clerk, $2681, Order Clerk, Food and Beverage, $2789, Dispatcher, Maintenance Service, $3290, Order Clerk, $2789 and Receptionist $2428 can be performed within these restrictions and limitations and you have the education and experience to perform these occupations. As such, you no longer satisfy the definition of Disability under the LTD Policy.

**Conclusion**

We conducted a thorough and independent review of your entire claim. We acknowledge that you continued to experience some symptoms associated with your medical conditions beyond August 16, 2019. However, the available information does not contain exam findings, diagnostic test results or other medical documentation supporting your symptoms from a physical or psychological condition were of a severity, that they resulted in restrictions or limitations rendering you unable to perform the duties of the above noted occupations identified as being within your functional capacity and vocational skills after that date.

After a complete evaluation of the claim, including all information submitted with the appeal, all medical reviews completed on the file, and taking into consideration the opinions of your providers as set forth in their written record, we determined the clinical evidence does not support you are precluded from performing Any Occupation continuously beyond August 16, 2019. As such, benefits continue to be denied.

This claim decision reflects an evaluation of the claim facts and Policy provisions.

**Policy Provisions**

To continue receiving benefits, you must satisfy the requirements of all Policy provisions that state, in part:

*"**Disability**" or "**Disabled**", with respect to Long Term Disability, means:*

1. *For persons other than truck drivers, pilots, co-pilots, and crewmembers of an aircraft:*

    i. *that during the Elimination Period and the next 12 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*

    ii. *thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

*"**Material and Substantial Duties**" means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.*

*"**Any Occupation**" means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.*

*"**Mental Illness**" means a psychiatric or psychological condition classified as such in the most current edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM)regardless of the underlying cause of the Mental Illness. If the DSM is discontinued, Liberty will use the replacement chosen or published by the American Psychiatric Association.*

*"**Proof**" means the evidence in support of a claim for benefits and includes, but is not limited to, the following:*

1. *a claim form completed and signed (or otherwise formally submitted) by the Covered Person claiming benefits;*
2. *an attending Physician's statement completed and signed (or otherwise formally submitted) by the Covered Person's attending Physician; and*
3. *the provision by the attending Physician of standard diagnosis, chart notes, lab findings, test results, x-rays and/or other forms of objective medical evidence in support of a claim for benefits.*

*Proof must be submitted in a form or format satisfactory to Liberty.*

***Discontinuation of the Long-Term Disability Benefit***
*The Monthly Benefit will cease on the earliest of:*

9. *the date the Covered Person is no longer Disabled according to this policy;*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, you were entitled to appeal the decision made by Lincoln Financial Group and to submit any additional information you wished to be considered as part of the appeal. Lincoln has conducted a full and fair review of your appeal and accompanying materials and has concluded that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted; no further review will be conducted by Lincoln and your claim will remain closed. You may request to receive, free of charge, copies of all documents relevant to your claim. You have the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

The Volkswagen Group of America LTD Policy contains the below provision:

**Legal Proceedings**
A claimant or the claimant's authorized representative cannot start any legal action:
1. until 60 days after proof of claim has been given; nor
2. more than three years after the time proof of claim is required.

Your policy is subject to ERISA, and you may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office or your state insurance regulatory agency. In addition, once all required reviews of your claim have been completed, you have the right to bring a civil action under applicable law. Your employer's policy has a contractual limitations period of three years which means that a lawsuit must be brought within three years after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is January 10, 2023.

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.

Nothing in this letter should be construed as a waiver of any Lincoln Financial Group rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Lincoln Financial Group are based on the provisions outlined in Volkswagen Group of America Policy. These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities. No internal rules, guidelines, protocols, standard or other similar criteria were relied upon in rendering the claim.

If you require language translation assistance, please contact Lincoln to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłį́į' dóó ná'ookąąh nííní'ą́ągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtį́į́ł nínízingo doo bą́ąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If you have any questions regarding this matter, please contact me.

Sincerely,

Courtney Grygiel
Appeals Consultant

Phone No.: (888) 437-7611 Ext. 13301
Secure Fax No.: (603) 422-7909